## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY E. WILSON,      ) | |
|      ) | |
|     Plaintiff,      ) | |
|      ) | |
| v.      ) | Case No. CIV-20-1227-SM |
|      ) | |
| KILOLO KIJAKAZI,      ) | |
| ACTING COMMISSIONER      ) | |
| OF SOCIAL SECURITY,      ) | |
|      ) | |
|     Defendant.      ) | |

## MEMORANDUM OPINION AND ORDER

Gary E. Wilson (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that he was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A).[1] The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c). Docs. 18, 19.

Plaintiff asks this Court to reverse the Commissioner's decision and remand the case for further proceedings, claiming the administrative law judge's (ALJ) finding that Plaintiff could perform past relevant work is not supported by substantial evidence. Doc. 21, at 4. After a careful review of the

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the Administrative Record (AR) will refer to its original pagination.

administrative record, the parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the

Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

**C.    Relevant findings.**

**1.    Administrative Law Judge's findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 15; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found that Plaintiff:

(1)    had not engaged in substantial gainful activity since August 8, 2018, the alleged onset date;

(2)    has the following severe impairments: degenerative disc disease of the lumbar spine, non-ST evaluated myocardial infarction, diabetes mellitus, hypertension, tobacco abuse, and obesity;

(3)    has no impairment or combination of impairments that meets or medically equals the severity of a listed impairment;

(4)    has the residual functional capacity[2] (RFC) to perform medium work, except that he could lift, carry, push, or pull fifty pounds occasionally and twenty-five pounds frequently; he could frequently climb ramps and stairs, as well as ladders, ropes, or scaffolds; he could frequently balance but

---

[2]    Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545 (a)(1), 416.945(a)(1).

3

only occasionally stoop, kneel, crouch, and crawl; he could frequently reach overhead bilaterally with the upper extremities, and he should avoid concentrated exposure to fumes, odors, dusts, gases, and similar respiratory or pulmonary irritants;

(5)    can perform past relevant work as a janitor, as "actually and generally performed," and "as a certified nursing assistant"; and so,

(6)    was not under disability from August 8, 2018, through June 11, 2020.

*See* AR 17-23. The claimant bears the burden of proof through step four of the analysis. *Blea v. Barnhart*, 466 F.3d 903, 907 (10th Cir. 2006).

## 2.    Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see* AR 1, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II.    Judicial review of the Commissioner's final decision.

### A.    Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less

than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052. The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013).

Any error committed by the ALJ will be treated as harmless if it does not ultimately change the outcome. *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) ("The federal 'harmless-error' statute . . . tells courts to review cases for errors of law 'without regard to errors' that do not affect the parties' 'substantial rights.'" (quoting 28 U.S.C. § 2111)); *see also Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (explaining the principle in the Social Security context).

## B.    Issue for judicial review.

Plaintiff claims the ALJ's step-four finding that he could perform past relevant work is unsupported by substantial evidence. Doc. 21, at 5-8.

### III.  Analysis.

At step four, the ALJ made two different findings about what jobs Plaintiff retained the residual functional capacity to perform. AR 22. "[T]he ALJ must consider, at step four, whether a claimant's impairments prevent [him] from performing [his] past relevant work." *Wall*, 561 F.3d at 1052.

In the bolded paragraph summarizing his step-four finding, the ALJ said Plaintiff "is capable of performing past relevant work as a certified nurs[e] assistant." AR 22. Immediately below that, the ALJ explained Plaintiff had past relevant work as a certified nurse assistant and as a janitor and stated the exertional levels of each as explained by the vocational expert. *Compare id.* ("certified nursing assistant . . . medium exertion level as generally performed but very heavy exertion level as the claimant actually performed it . . . ; and janitor . . . medium exertion level. . . ."), *with id.* at 48-49 (vocational expert testimony). The ALJ concluded his step-four finding by saying Plaintiff "is able to perform his janitor work as it is actually and generally performed," with no mention of the certified nurse assistant position he noted in the bolded summary. *Id.* at 22.

First, Plaintiff argues the ALJ's decision is ambiguous as to whether Plaintiff could perform his past relevant work as a janitor, a certified nurse

assistant, or both. Doc. 21, at 7-8. True, the ALJ omitted the janitorial position from the bolded summary of his findings, then omitted the certified nurse assistant position from the final paragraph of his findings. AR 22. Respondent argues the ALJ's step-four analysis indicates his intention to track the vocational expert's testimony. Doc. 22, at 4. The Court agrees.

The vocational expert testified in response to the ALJ's hypothetical question that both of Plaintiff's past jobs remained available—the certified nurse assistant job as it was generally performed and the janitor job as it was actually and generally performed. AR at 48-49. The vocational expert clarified that the certified nurse assistant job would be "heavy or very heavy" as actually performed, so it would only be available as generally performed. *Id.* The ALJ cites the vocational expert's testimony as support for his finding and suggests no intention to deviate from the vocational expert's opinion that Plaintiff could perform both jobs at the medium-exertion level. *Id.* at 22.

"[W]e cannot insist on technical perfection," but rather, "[i]n conducting our review, we should, indeed must, exercise common sense." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The Court declines to reverse the ALJ's decision based on what looks like a mistaken technical inconsistency between two paragraphs in his step-four findings.

Plaintiff next argues that the vocational expert testimony about the demands of the janitor and certified nurse assistant positions conflict with the respective entries in the Dictionary of Occupational Titles (DOT). Doc. 21, at 6-7. Arguing harmless error, Respondent concedes that the ALJ "should not have relied on the janitor job because it requires frequent stooping and crouching, while the ALJ limited [Plaintiff] to occasional stooping and crouching." Doc. 25, at 4. The Court agrees the ALJ erred. But given the availability of the certified nurse assistant job as it is generally performed, the Court also agrees this error is harmless. *See* Soc. Sec. Admin., POMS DI 25005.005(C)(1), Expedited Vocational Assessment at Steps 4 and 5 of Sequential Evaluation, https://secure.ssa.gov/apps10/poms.nsf/lnx/0425005005 (last visited Nov. 12, 2021) (ALJ should deny claim at step four if "the vocational evidence is **sufficient** to find that the claimant can perform one past relevant job as the claimant actually performed it, **or** as generally performed in the national economy. . . .").

The issue, then, is whether the ALJ's step-four finding that Plaintiff could perform the certified nurse assistant job is supported by substantial evidence. Plaintiff argues substantial evidence is lacking because the ALJ failed to resolve a purported conflict between the vocational expert's testimony

and the DOT entry for that position. Doc. 21, at 7. Under Soc. Sec. Rul. 00-4p, "[w]hen there is an apparent unresolved conflict between [vocational expert] evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the [vocational expert] evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000).

The vocational expert testified that Plaintiff could perform the certified nurse assistant job as generally performed. AR 49. The DOT describes as one possible duty of a certified nurse assistant "dust[ing] and clean[ing] patients' rooms." DICOT 355.674-014, 1991 WL 672944. Plaintiff argues this duty conflicts with the vocational expert's testimony that a hypothetical person who "should avoid concentrated exposure to fumes, odors, gases, [and] other similar respiratory irritants" could perform this job. Doc. 21, at 7; AR 48-49. The Court disagrees that this amounts to an apparent conflict.

The certified nurse assistant DOT entry specifies that toxic caustic chemicals are "[n]ot [p]resent," nor are atmospheric conditions. DICOT 355.674-014, 1991 WL 672944. Atmospheric conditions mean pulmonary irritants such as "fumes, noxious odors, dusts, . . . [and] gases," among others. Soc. Sec. Admin., POMS DI 25001.001, Medical and Vocational Quick

Reference Guide, https://secure.ssa.gov/apps10/poms.nsf/lnx/0425001001 (last visited Nov. 12, 2021).

The vocational expert testified that someone who should avoid those pulmonary irritants could perform the certified nurse assistant job, and the DOT deems such irritants "not present." So there is no apparent conflict for the ALJ to have resolved under Soc. Sec. Rul. 00-4p. *Cf. Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (finding an apparent conflict between the plaintiff's "inability to perform more than simple and repetitive tasks and the level-three reasoning required by the jobs identified as appropriate for her by the [vocational expert]").[3]

Substantial evidence supports the ALJ's step-four finding that Plaintiff was not disabled because the record shows he is capable of the certified nurse

---

[3] Plaintiff argues in reply that the ALJ erred by failing to ask him about the demands of his past relevant work. Doc. 26, at 2-3; *see* SSR 82-62, 1982 WL 31386 (Jan. 1, 1982). The Court finds no error because the ALJ asked the vocational expert about the demands of both the janitor job and the certified nurse assistant job as generally performed. AR 48-49; *see Winfrey v. Chater*, 92 F.3d 1017, 1024 (10th Cir. 1996) (ALJ's step-four finding unsupported by substantial evidence due in part to their failure to make any inquiry "into, or any findings specifying, the mental demands of plaintiff's past relevant work, *either* as plaintiff actually performed the work or as it is customarily performed in the national economy.") (emphasis added). And the vocational expert testified that a hypothetical person with Plaintiff's limitations would be capable of the certified nurse assistant job as generally performed.

assistant job as generally performed. *See* SSR 82-61, 1982 WL 31387, at *2 (1982) ("[I]f the claimant . . . can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be 'not disabled.'").

## IV.   Conclusion.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 29th day of November, 2021.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE